**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Terrance Jones, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-cv-0833 (KBJ) |
| | ) |
| Listen Vision LLC, *et al*. | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

On May 23, 2012, *pro se* plaintiff Terrance Jones ("Jones" or "Plaintiff") filed a two-page complaint against organizational defendant Listen Vision LLC and individual defendants Jeremy Beaver, Kevin Carr, and a person named "Awthentik." (ECF No. 1.) The complaint accuses these defendants of having "engaged in endeavors of misconduct" that appear to involve an agreement regarding the sale of sampled music. (Amended Complaint ("Amend. Comp."), ECF No. 31, at 1.) Jones's accusations apparently relate to his use of Defendants' recording studio to record his music, and as best the Court can tell, the gravamen of Jones's complaint is that Defendants defrauded him by representing that they had legal authority to license music samples from several famous artists for Jones's use in creating his own mix tape—which was not true—and then selling those samples to Jones. (*Id.* at 2.)

Plaintiff filed a first amended complaint on March 4, 2013 (ECF No. 24), and Defendant Listen Vision, LLC moved to dismiss that complaint on April 2, 2013 (ECF No. 27). Plaintiff then filed a second amended complaint on April 25, 2013, which is now the operative complaint in the case. *See Simms v. D.C. Gov't*, 646 F. Supp. 2d 36,

1

37 (D.D.C. 2009) ("The general rule is that an amended complaint supersedes and replaces an original complaint[.]")[1] For the reasons set forth below, Plaintiff's complaint is **DISMISSED** without prejudice. An order consistent with this Memorandum Opinion will issue separately.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 also requires that "that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action because of the plaintiff's failure to comply with Rule 8. *See* Fed. R. Civ. P. 41(b); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 "'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ciralsky,* 355 F.3d at 670 n. 9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)).

Complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

In addition to being exceedingly difficult to decipher, Jones's complaint is legally deficient. *See* Fed. R. Civ. P. 8(a). The complaint contains no plain statement of federal jurisdiction, for example—the closest it comes to identifying this court's authority over this matter are a few oblique references to copyright infringement, but

---
[1] Mr. Jones has also filed a variety of other motions not relevant here.

Jones does not articulate any comprehensible claim as to how Defendants have violated any copyright law or how Jones is in a position to enforce any rights in the alleged copyrighted work.  Nor does the complaint's conclusory mention of "fraud and conspiracy under RICO law" (Amend. Compl. at 3)—without any facts to establish the applicability of that statute—provide sufficient grounds for assessing the appropriateness of federal jurisdiction here.[2]  The complaint also lacks any discrete counts or claims, much less a "showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Finally, Jones has neglected to include any demand for relief in any of the various versions of his complaint.

In sum, the complaint in this case fails to articulate a comprehensible legal or factual basis for relief; accordingly, the Court concludes that the complaint is insufficiently clear to put Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules, and even under the relaxed standard applicable to *pro se* plaintiffs.  *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004).  For this reason, the complaint must be **DISMISSED** in its entirety without prejudice pursuant to Federal Rules of Civil Procedure 8 and 41(b).

DATE:  February 3, 2014            *Ketanji Brown Jackson*
                                                  KETANJI BROWN JACKSON
                                                  United States District Judge

---

[2] The Rackeeter Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68, appears four times in the complaint.  (*See, e.g.,* Amend. Compl. at 3 ("The defendant's actions are felonies under RICO by the act alone multiplied by all who own publishing share interests in said works."); *id.* ("The defendant's actions under RICO are violations of Title 17 regarding transferrable licensing for sales and use of works of copywrite [sic].").)  As a basis for the invocation of the RICO statute, Plaintiff states only that "[t]he defendant's actions and criminal intent psyche can be symmetrically defined regarding copywrite [sic] infringement, fraud and conspiracy relevant to Title 17 and RICO law caveats."  (Amend. Compl. ¶ 4.)

3